FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 20 2021

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEISHA MARTIN**                                                                 **PLAINTIFF**

v.                              Case No. 4:21-cv-00642

**KBP INVESTMENTS, LLC**                                                  **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Keisha Martin ("Plaintiff"), by and through her attorney Chris Burks of WH LAW, for her Complaint against KBP Investments, LLC, does hereby state and allege as follows:

### I. INTRODUCTION

1.  This is an action brought by Plaintiff against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.  Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and costs, including a reasonable attorney's fee, within the applicable statutory limitations period as a result of Defendants' failure to pay proper minimum and/or overtime compensation under the FLSA and the AMWA.

### II. JURISDICTION AND VENUE

3.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.  Plaintiff's claim under the AMWA forms part of the same case or controversy and

This case assigned to District Judge RUDOFSKY
and to Magistrate Judge ERVIN

arise out of the same facts as the FLSA claims alleged in this complaint.

5.     This Court has supplemental jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

6.     Defendant is a foreign limited liability company which conducts business within the State of Arkansas, with locations throughout the State.

7.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

### III. THE PARTIES

8.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.     Plaintiff is a citizen of the United States and a resident of Jefferson County, Arkansas.

10.    Plaintiff was hired by Defendant to work as a store manager trainee and underwent training at Defendant's facility in Sebastian County, Arkansas.

11.    Plaintiff worked for Defendant at times during the three years preceding the filing of this Complaint.

12.    At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

13.    Defendant is a foreign for-profit limited liability company.

14.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during

each of the three calendar years preceding the filing of this Complaint.

15. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

16. Defendant's KBP registered agent for service of process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

17. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203.

### III. FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

19. Plaintiff was employed by Defendant(s) as a manager trainee at Defendant's KFC restaurant located in Fort Smith, Arkansas, during the time period relevant to this lawsuit.

20. Plaintiff was paid at a fixed salaried rate during the time she was in training, from March 23, 2021 to April 26, 2021, regardless of the number of hours she worked per week.

21. Plaintiff never agreed that this payment would be sufficient to cover all hours worked.

22. Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

23. Plaintiff did not exercise discretion and independent judgment with respect to any matters of significance.

24. Plaintiff did not provide any training for any employee nor did he direct the work of any employee.

25. Plaintiff did not select any employees for hire nor did Plaintiff have any ability to fire an employee.

26. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

27. In performing her services for Defendants, Plaintiff was not required to utilize any professional education relevant to her job duties.

28. Defendant did not pay Plaintiff one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) per week.

29. Plaintiff regularly worked in excess of forty (40) hours per week.

30. Plaintiff was entitled to wages and compensation based on one and one-half her standard hourly wage for all hours worked in excess of forty per week.

31. Defendants knew, or showed reckless disregard for, whether the way they paid Plaintiff violated the FLSA and AMWA.

## IV. FIRST CLAIM FOR RELIEF
(Individual Claim for Violation of the FLSA)

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

42. Plaintiff asserts her claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

44. At all relevant times, Plaintiff has been an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

45. At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

46. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

49. Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA.

50. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

51. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## V. SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of AMWA)

52. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

53. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

54. At all relevant times, Plaintiff has been an "employee" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

55. At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

56. Plaintiff asserts her claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

57. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59. Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA.

60. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her

regular rate of pay for all hours worked over forty (40) in each one-week period.

61.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

63.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

64.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Keisha Martin individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

a)      That the Defendant be summoned to appear and answer herein;

b)      That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to them;

c)      A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

    d)    A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

    e)    Judgment for damages for all unpaid back wages at the applicable overtime rate owed to Plaintiff from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

    f)    Judgment for damages for all unpaid back wages at the applicable overtime rate owed to Plaintiff from a period of three (3) years prior to the date of filing under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

    g)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid back wages at the applicable overtime rate from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff;

    h)    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations

    i)    An order directing Defendants to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

    j)    Such other and further relief as this Court may deem necessary, just and proper

Respectfully submitted,

**Keisha Martin, Plaintiff**

WH Law | We Help
1 Riverfront Pl. – Suite 745

North Little Rock, AR 72114
(501) 891-6000

By: *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law